IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
2017 MAR -8  AM 10: 19

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**LUIS FIGUEROA-PACHECO,**<br>Defendant. | CRIMINAL NO. 16-666 (ADC) |

**PLEA AND FORFEITURE AGREEMENT**
**(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))**

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through the undersigned attorneys, along with defendant Luis Figueroa-Pacheco and his counsel, Jesús A. Hernández-García, and, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

**Count One:**

On or about October 23, 2016, in the District of Puerto Rico and within the jurisdiction of this Court, LUIS FIGUEROA-PACHECO, the defendant herein, having been convicted in court of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly and unlawfully possess in and affecting interstate or foreign commerce, a firearm and ammunition, as those terms are defined in Title 18, United States Code, § 921(a)(3) and (17)(A) respectively, that is: a .45 caliber Sig Sauer Pistol model P220 bearing serial number G389424; two .45 caliber Sig

Sauer magazines and 11 rounds of .45 caliber ammunition. All in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

### 2. MAXIMUM PENALTIES

The maximum statutory penalty for the offense charged in Count One of the Indictment is a term of imprisonment of ten years pursuant to Title 18, United States Code, § 924(a)(2); a fine not to exceed two hundred and fifty thousand dollars pursuant to Title 18, United States Code, §3571(b)(3); a special monetary assessment of one hundred dollars pursuant to Title 18, United States Code, § 3013(a)(2)(A); and a supervised release term of not more than three years, pursuant to Title 18, United States Code, § 3583(b)(2).

### 3. SENTENCING GUIDELINES APPLICABILITY

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

### 4. SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. §3013(a)(2)(A).

5. **FINES AND RESTITUTION**

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

6. **RULE 11(c)(1)(B) WARNINGS**

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the <u>Guidelines Policy Statements,</u> <u>Application</u>, and <u>Background Notes</u>. Further, Defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the presentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

7. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

Defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in the case of <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Guidelines are no longer

3

Plea Agreement                                                                                           US v. Luis Figueroa-Pacheco, 16-666 (ADC)

mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guideline calculations:

## COUNT ONE:

| Sentencing Guidelines Calculations Table<br>Count One 18 U.S.C. 922(g)(1) | | |
|---|---|---|
| Base Offense Level | U.S.S.G. § 2K2.1(a)(6) | 14 |
| Adjustment | U.S.S.G. § 3E1.1(a) (acceptance of responsibility) | -2 |
| Total Offense Level (Count One): | | 12 |

| C.H. Category I | C.H. Category II | C.H. Category III | C.H. Category IV | C.H. Category V | C.H. Category VI |
|---|---|---|---|---|---|
| 12-18 months | 15-21 months | 18-24 months | 24-30 months | 30-37 months | 33-41 months |

8. **SENTENCE RECOMMENDATION**

After due consideration of the relevant factors enumerated in 18 U.S.C. §3553(a), the parties agree to recommend as to Count One a term of imprisonment of no less than 24 months if CHC I through IV or the lower end of the applicable Guidelines range if CHC V or VI, at a total offense level of 12

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea Agreement.

4

9. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate as to any Criminal History Category for the defendant.

10. **WAIVER OF APPEAL**

The defendant knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that the defendant is sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provisions of this Plea Agreement.

11. **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

12. **SATISFACTION WITH COUNSEL**

Defendant represents to the Court that he is satisfied with counsel, Jesús A. Hernández-García, and asserts that counsel has rendered effective legal assistance.

13. **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this Plea Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial

      may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

**14.    STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein

are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

15. **FIREARMS FORFEITURE**

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"): a .45 caliber Sig Sauer Pistol model P220 bearing serial number G389424; two .45 caliber Sig Sauer magazines; and 11 rounds of .45 caliber ammunition. Defendant acknowledges that he possessed the Property in violation of 18 U.S.C. § 922(g)(1), as set forth in Count One of the Indictment, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

16. **LIMITATIONS OF PLEA AGREEMENT**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

17. **ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other term and conditions not stated herein.

18. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

7

19.   **VOLUNTARINESS OF GUILTY PLEA**

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**20. DISMISSAL OF REMAINING COUNTS**

No remaining counts will be dismissed at sentencing.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
for: Timothy Henwood
First Assistant U.S. Attorney
Dated: 02.23.17

_____
Jenifer Y. Hernández-Vega
Assistant U.S. Attorney
Chief, Violent Crimes Unit
Dated: 2|23|2017

_____
Jonathan Gottfried
Assistant U.S. Attorney
Dated: 2/21/17

_____
Jesús A. Hernández-García
Counsel for Defendant
Dated: 3/9/17

_____
Luis Figueroa-Pacheco
Defendant
Dated: 3/9/17

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 3/4/17

_____
Luis Figueroa-Pacheco
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 3/4/17

_____
Jesús A. Hernández-García
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant, Luis Figueroa-Pacheco, agree that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violation of 18 U.S.C. § 922(g)(1). The following is a synopsis of the facts in this case:

On October 23, 2016 around 2:00 AM, agents from the Puerto Rico Police Department encountered Luis A. Figueroa-Pacheco at Marina Street and Road 133, near the Ponce town hall, in Ponce, Puerto Rico. Figueroa-Pacheco has a pending arrest warrant.

During the arrest of Figueroa-Pacheco, police officers seized one black leather fanny bag containing a black and grey .45 Cal, Sig Sauer pistol (model P220, bearing serial number G389424), two .45 cal Sig Sauer Magazines, and 11 rounds .45 caliber ammunition.

The firearm and ammunition had been transported in interstate or foreign commerce before being received by Figueroa-Pacheco.

Prior to committing the current offense, Figueroa-Pacheco had been convicted in a court of Puerto Rico and in a federal court of crimes punishable by imprisonment for a term exceeding one year. Those sentences have not been pardoned or expunged.

At trial, the United States would have proven beyond a reasonable doubt that Figueroa-Pacheco is guilty as charged in Count One of the Indictment. This would have been proven through physical and documentary evidence, including, but not limited to, live testimony of PRPD agents, expert and other witnesses, evidence recovered at the scene (including the firearm and

ammunition), photographs, documents, and other physical evidence.

Discovery was timely made available to defendant for review.

_____
**Jonathan Gottfried**
Assistant United States Attorney
Dated: 3/21/17

_____
**Jesús A. Hernández-García**
Counsel for Defendant
Dated: 3/9/17

_____
**Luis Figueroa-Pacheco**
Defendant
Dated: 3/9/17